IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ROGER GENE AUBREY | § | |
| VS. | § | CIVIL ACTION NO.   5:22-CV-42 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Roger Gene Aubrey, a prisoner confined at the Goree Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the 102nd District Court of Bowie County, Texas. Petitioner was charged with sexual assault of a child in cause number CR00677. After the jury was seated, the trial court allowed the State to amend the indictment to allege the victim's age was 14 instead of 17, which had the effect of changing the charge from sexual assault (a second degree felony) to aggravated sexual assault (a first degree felony). The jury found Petitioner guilty of aggravated sexual assault. On January 27, 2006, Petitioner was sentenced to 30 years of imprisonment.

Petitioner appealed the judgment. On October 31, 2006, the Sixth Court of Appeals found that the trial court erred by allowing the State to amend the indictment. The Court reversed and

remanded the case for a new trial. On March 26, 2007, Petitioner pleaded guilty to sexual assault and was sentenced to 18 years of imprisonment. Petitioner did not appeal the judgment.

On September 23, 2021, Petitioner filed a state habeas application.[1] The Texas Court of Criminal Appeals denied the application without written order on January 5, 2022.

## The Petition

Petitioner filed this federal petition for writ of habeas corpus on January 31, 2022.[2] Petitioner alleges his attorney provided ineffective assistance of counsel by failing to: (1) request a jury instruction on the lesser-included offense of indecency with a child; (2) object to the indictment; (3) call Petitioner to testify at trial; and (4) object to the victim's testimony.

## Analysis

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for a writ of habeas corpus filed by a state prisoner. 28 U.S.C. § 2244(d). The statute of limitations begins to run from the latest of the following four dates: (1) the date the judgment became final; (2) the date an impediment to filing created by unconstitutional state action was removed; (3) the date the United States Supreme Court first recognized the constitutional right if the right applies retroactively to cases on collateral review; or (4) the date the factual predicate of the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The statute also provides

---

[1] A prisoner's pleading is considered filed on the date it was delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The prison mailbox rule applies to Texas post-conviction proceedings as well as filings in federal court. *Richards v. Thaler*, 710 F.3d 573, 577-79 (5th Cir. 2013). Petitioner does not provide the date on which he placed his state application in the prison mail system. For purposes of this Report and Recommendation, the Court assumes that Petitioner placed the state application in the prison mail system on September 23, 2021, the date on which the document was executed.

[2] Petitioner states that he placed his federal petition in the prison mail system on January 31, 2022.

that the limitations period is tolled during the time a state post-conviction review or other collateral attack is pending. 28 U.S.C. § 2244(d)(2).

In this case, there was no impediment to filing caused by unconstitutional state action. Petitioner does not rely on a newly-recognized constitutional right, and he could have discovered the factual predicate of his claims at the time of his trial. Because Petitioner did not appeal the judgment entered after his guilty plea, the conviction became final after the time for filing a notice of appeal expired on April 25, 2007. *See* TEX. R. APP. PROC. 26.2(a)(2). The limitations period for filing his federal petition began to run the next day and expired one year later on April 25, 2008. Statutory tolling for the time Petitioner's state post-conviction proceeding was pending does not bring the petition within the statute of limitations because Petitioner did not file his state habeas application until more than 13 years after the federal limitations period had expired. Therefore, this petition is untimely.

The statute of limitations may be equitably tolled in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available if: (1) the petitioner diligently pursued his rights, and (2) extraordinary circumstances prevented timely filing. *Id*. Delays of the petitioner's own making are not "extraordinary circumstances." *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013). Excusable neglect and ignorance of the law do not justify equitable tolling. *Id*. A prisoner's *pro se* status and ignorance of the law are not exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Petitioner has not demonstrated that he diligently pursued his rights, or that extraordinary circumstances prevented him from filing a timely petition. As a result, he is not entitled to equitable tolling of the statute of limitations.

Recommendation

This petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, should be dismissed as barred by the statute of limitations.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this the 26th day of July, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE