IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ROGER GENE AUBREY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 5:22-CV-42-RWS-JBB |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Defendant. § | |

# ORDER

Petitioner Roger Gene Aubrey, a prisoner confined at the Diboll Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 2. The Court ordered that this matter be referred to United States Magistrate Judge J. Boone Baxter for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge has submitted a report and recommendation that the petition be dismissed as barred by the statute of limitations. Docket No. 27. The Court has received and considered the Magistrate Judge's report, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Magistrate Judge's report. Docket No. 30.

The one-year statute of limitations imposed by 28 U.S.C. § 2244(d) on federal habeas claims expired more than 12 years before Petitioner filed his petition in this case.  Nevertheless, in his objections (Docket No. 30) and a related "Motion for Help" (Docket No. 28),  Petitioner argues that the Court should consider the merits of his claims because he was coerced into pleading guilty when his attorney told him that a double jeopardy defense would not be successful.  Petitioner further claims these facts show a conspiracy against him. Docket No. 30 at 2. The facts surrounding his guilty plea were available to Petitioner at the time of his plea hearing.  Thus, the statute of limitations began to run when the judgment became final on April 25, 2007, and it expired one year later. Petitioner has not alleged any grounds warranting equitable tolling of the statute of limitations. Accordingly, the Magistrate Judge correctly concluded that the petition should be dismissed as barred by the statute of limitations.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

Additionally, in this case, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. Additionally, the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, it is

**ORDERED** that Petitioner's objections (Docket No. 30) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and his Report and

Recommendation (Docket No. 27) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

      **So ORDERED and SIGNED this 16th day of March, 2023.**

                                      ROBERT W. SCHROEDER III
                                      UNITED STATES DISTRICT JUDGE